IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN M. HORN                                                                                       PLAINTIFF


v.                                           CASE NO.         12-3007


MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

The plaintiff filed her applications for DIB and SSI on January 13, 2009, alleging an onset date of May 11, 2007, due to plaintiff's "Rt ankle injury from car accident" (T. 199). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on February 3, 2010. Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 31 years of age and possessed a High School education plus three years of college (T. 30). The Plaintiff had past relevant work

-1-

("PRW") experience as a convenience store/gas station clerk  (T. 30).

On August 10, 2010, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's right ankle fracture status-post open reduction and internal fixation and subsequent bone graft surgery, dysthymic disorder, generalized anxiety disorder with agoraphobia, and alcohol abuse in sustained remission  did not meet or equal any Appendix 1 listing.  T. 15.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work with limitations.  T. 16.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could the duties of Assembler, Sorter and Trimmer.  T. 21.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern is the ALJ determination of the Plaintiff's RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005);

*Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The ALJ found that the Plaintiff could perform Sedentary work with additional limitations and "due to limitations caused by his mental impairments he is also limited to simple tasks with routine supervision and incidental contact with coworkers, supervisors, and the general public."  (T. 16).  The Defendant contends that the ALJ erred in not properly evaluating his mental impairment and by failing to give controlling weight to the opinion of the treating physician. (ECF No. 7, p. 2).

The Plaintiff first began to seek mental health treatment shortly after his motor vehicle accident in May 2007 at Ozark Counseling Services ("OCS")  and was diagnosed with General

Anxiety Disorder, Panic Disorder and Alcohol Abuse (T. 359).  The Plaintiff continued to seek treatment at OCS from July 2007 through May 2008. (T. 361, 363, 365, 367, 369, 371, 373, 375).  The clinical notes in May 2008 noted that Plaintiff was "functioning very well" but that his anxiety had not improved but "overall good response to medication".  (T. 374).  The record does not indicate that the Plaintiff continued to seek treatment until after he filed for benefits.

The Plaintiff did not list any mental impairment as a basis for seeking disability on his Disability Report in January 2009 listing only "Rt ankle injury from car accident" and stating that he could not stand for a long period of time. (T. 199).  The fact that the plaintiff did not allege any mental impairment as a basis for his disability in his application for disability benefits is significant, even if the evidence of mental impairments was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).

The Plaintiff was sent for an examination in March 2009 the purpose being to "document medical impairments, to establish function and to ascertain any additional impairments not yet known to us." (T. 303). During that examination the Plaintiff did not contend that he had any mental impairment. (T. 304).  The Plaintiff never complains about depression or anxiety to his orthopedic specialist during his treatment over approximately one year.  The Plaintiff first appears to raise the issue of depression in his Request for Reconsideration in April 2009. (T. 83).

The Plaintiff again began to treat at OCS in August 2009 (T. 326-333) and was diagnosed with Dysthymia [1] and Anxiety in September 2009 (T. 344) and was prescribed Paxil 20 mg [2] by

---

[1] dysthymic disorder is a chronic mood disorder characterized by depressed feeling (sad, blue, low), loss of interest or pleasure in one's usual activities, and other symptoms typical of depression but tending to be longer in duration and less severe than in major depressive disorder.

Dr. Boyle, his treating psychiatrist.   On September 24, 2009 Dr. Boyle wrote that "Not seeing any improvement on Paxil." (Tr. 346) Therapeutic intervention was "not really helpful.   Paxil will increase to 30 mg." (Tr. 347).  On October 29, 2009 Dr. Boyle wrote "Paxil helps him sleep. Still leads a loner's life. Not really connected to others, wants to be. Schizoid, not suicidal. Just talking to people is issue. Will increase Paxil to 40 mg can go to WalMarts." (Tr. 350).

On November 12, 2009, Ron Boyle, M.D., treating psychiatrist, and Dianne Martaus, LCSW, his counselor, completed a mental medical source statement that found the Plaintiff Markedly Limited in the following:

> •The ability to carry out detailed instructions .
> • The ability to maintain attention and concentration for extended periods
>     (the approximately 2-hour segments between arrival and first break, lunch,
>     second break, and departure),
> • The ability to complete a normal workday and workweek without
>     interruptions from psychologically based symptoms and to perform at a
>     consistent pace without an unreasonable number and length of rest
>     periods.
> • The ability to interact appropriately with the general public,
> • The ability to ask simple questions or request assistance.
> • The ability to set realistic goals or to make plans independently of others;

and Moderately Limited in the following:

> • The ability to remember locations and work-like procedures,
> • The ability to understand and remember very short and simple
>     instructions.
> • The ability to understand and remember detailed instructions.
> • The ability to carry out short and simple instructions.

---

Miller-Keane Encyclopedia and Dictionary of Medicine, Nursing, and Allied Health, Seventh Edition.

[2]Paxil (paroxetine) is an antidepressant in a group of drugs called selective serotonin reuptake inhibitors (SSRIs). Paxil affects chemicals in the brain that may become unbalanced.  See www.drugs.com

    • The ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances.
    • The ability to sustain an ordinary routine without special supervision.
    • The ability to work in coordination with or proximity to others without being unduly distracted by them.
    • The ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes.
    • The ability to respond appropriately to changes in the work setting.

Dr. Boyle was the Plaintiff treating physician and as such entitled to substantial weight. A treating physician's opinion "is entitled to substantial weight 'unless it is unsupported by medically acceptable clinical or diagnostic data.'" *Perks*, 687 F.3d at 1093-94 (quoting *Kirby v. Sullivan*, 923 F.2d 1323, 1328 (8th Cir. 1991)). In addition Dr. Boyle is a psychiatrist and a specialist in the area of mental health. Opinions of specialists on issues within their areas of expertise are "generally" entitled to more weight than the opinions of non-specialists. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart* 393 F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527

The ALJ did not seek a consultative mental evaluation. It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC. The ALJ wrote that the decision that Dr. Boyle should be discounted because he stated that the claimant's condition was noted to be responding well to medication "as explained in Exhibit 11F". (Tr.19-20). Exhibit 11F are the medical records from OCS covering the Plaintiff's treatment between June 11, 2007 and May 30, 2008. Dr. Boyle was not the treating psychiatrist during this time period but he did have access to these records. Dr. Boyle treated the Plaintiff from August 2009 to November 2009.

If the ALJ is going to completely discount the opinion of a treating physician he should at

lest have the benefit of a consultive evaluation or a Psychological Review Technique Form completed by an Agency Consultive Examiner. Completion of a Psychological Review Technique Form (PRTF) is generally required when evidence of a medically determinable mental impairment has been presented. *Pratt v. Sullivan*, 956 F.2d 830, 834 n. 8 (8th Cir. 1992). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court believes that the case should be remanded for further development of the record concerning the Plaintiff's mental impairments.

### V.  Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration.

Dated  this January 16, 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE